The STATE of Ohio, Appellee,

v.

ROBERTSON, Appellant.

[Cite as *State v. Robertson* (1995), 108 Ohio App.3d 173.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. CA–1112.

Decided Dec. 26, 1995.

*W. David T. Montague*, Assistant Ashland Law Director, for appellee.

*Thomas L. Mason*, for appellant.

GWIN, Presiding Judge.

Defendant Richard L. Robertson appeals a judgment of the Ashland Municipal Court of Ashland County, Ohio, convicting him of petty theft in violation of R.C.

2913.02, and sentencing him to serve forty-five days in jail, with thirty-five days suspended, and pay a fine of $300. Appellant assigns a single error:

"Trial court committed prejudicial error in sentencing defendant-appellant more harshly after trial than it had previously on a no contest plea."

On July 13, 1993, appellant entered a no-contest plea to the charge of petty theft and was placed in a diversion program. The parties agreed that if the appellant complied with the conditions of the diversion program for one year, the case would be dismissed. One of the conditions was that appellant was to have no additional theft offense charges for a period one year. If appellant failed to comply with the diversion program requirements, he was to be sentenced on the petty theft conviction.

On March 1, 1994, the state alleged that appellant had violated the terms of his diversion program because of an alleged subsequent theft offense. The trial court heard the state's motion on March 3, 1994, and received evidence only on the subsequent theft offense, not on the original theft charge that appellant had entered the plea of no contest on. The trial court found that appellant had violated the terms of the diversion program and proceeded to sentence him on the original charge to a thirty-day jail sentence, all of which was suspended, and a $200 fine.

Appellant appealed his conviction to this court and in *State v. Robertson* (Jan. 10, 1995), Ashland App. No. CA1084, unreported, 1995 WL 43619, this court found that the trial court did not comply with Crim.R. 11 in accepting the no-contest plea and finding appellant guilty. This court remanded the case to the municipal court with instructions to permit the appellant to reenter his plea.

Upon remand, appellant chose to enter a plea of not guilty, and the matter was tried before a jury. The jury returned a verdict of guilty and the trial court resentenced appellant to a harsher sentence than the previous sentence.

In *N. Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the United States Supreme Court held that the imposition of greater sentence upon reconviction on an offense for which a prior conviction has been set aside is presumed to have been motivated by vindictiveness and, therefore, to violate the defendant's constitutional due process rights, unless the reasons for imposing the greater sentence affirmatively appear and are based on objective information in the record. In *Pearce*, the accused was convicted after a trial, but the conviction was overturned for procedural reasons. The accused was subsequently reconvicted at a second trial, and the same trial judge imposed a greater sentence. The United States Supreme Court in *Pearce* found that the harsher sentence amounted to a punishment of the defendant for exercising his constitutional right to have his conviction reviewed on appeal.

Appellant argues that because the trial court did not put on the record its reasons for imposing the greater sentence, we must presume vindictiveness.

The state cites *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. In *Smith*, the accused entered a plea of guilty in a plea bargain. After conviction, the accused succeeded in having his guilty plea vacated, and he went to trial before the same judge. The trial court sentenced the accused more harshly after the second conviction. The Supreme Court held that the presumption of vindictiveness announced in *Pearce* does not apply when a sentence after trial is greater than that previously imposed after a guilty plea. The court noted that the sentencing judge has considerably more information available to him after a trial than after a plea. Further, the court noted that the state and the accused have certain mutual interests supporting the practice of plea bargaining to avoid trial. These mutual interests support a practice of more lenient sentences in plea bargain cases.

In *State v. Briant* (Apr. 10, 1991), Medina App. No. 1950, unreported, the Ninth District Court of Appeals for Medina County reviewed a situation where the accused originally entered into a plea bargain to plead guilty in return for dismissal of some counts of the charge, but the guilty plea was later vacated. He received a stricter sentence after trial. The Medina County Court of Appeals distinguished the *Pierce* case, and held that the *Smith* case applies to these facts. The court found that there was no presumption of vindictiveness, and for that reason, the burden remained upon the appellant to prove actual vindictiveness. We agree with the Medina County Court of Appeals' analysis of the cases.

We find that there is no presumption of vindictiveness pursuant to the Supreme Court directive in *Alabama v. Smith, supra.* Appellant bears the burden of demonstrating that the harsher sentence resulted from the vindictiveness of the trial court, and he has not met his burden.

The assignment of error is overruled.

For the foregoing reason, the judgment of the Ashland Municipal Court, Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.

*Judgment accordingly.*

WILLIAM B. HOFFMAN and FARMER, JJ., concur.